IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GEORGE HOLMAN,
    Plaintiff,

vs.                                        Case No.: 5:13cv52/SPM/EMT

JEREMY DEAN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff, a Florida inmate proceeding pro se, initiated this action by filing a civil complaint under 42 U.S.C. § 1983 seeking declaratory and monetary relief (doc. 1 at 1). At the time he filed the complaint, Plaintiff neither paid the filing fee nor submitted a motion to proceed in forma pauperis. The court advised him that this matter could not proceed until he had done so (doc. 3). In the same order, the court instructed Plaintiff to file an amended complaint if he chose to proceed with this action in this forum (*id.*). In its order, the court specifically warned Plaintiff that "**the jurisdictional basis for his complaint must be clearly stated in the complaint and must be supported by the allegations therein, or his case will be dismissed**" (doc. 3 at 2) (emphasis in original).

        Plaintiff has now paid the $350.00 filing fee and filed an amended complaint pursuant to 42 U.S.C. § 1983 (*see* docs. 4, 5). Plaintiff sues Jeremy Dean, Chief Operating Officer of Dare Not Walk Alone Productions, LLC, of Palmetto, Florida; Dare Not Walk Alone Productions, LLC; Indian Pictures, Distributor; and Steven T. Cobb, Executive Producer of Dare Not Walk Alone Productions, LLC (doc. 5 at 2). Plaintiff asserts that in February of 2003, he was introduced to Defendant Jeremy Dean by a mutual friend (*id.* at 5). Dean told Plaintiff that he was filming a civil rights documentary called "Dare Not Walk Alone" and that he needed a young black male to "make him a star" (*id.*). Dean told Plaintiff that he (Plaintiff) was that man and Plaintiff, who was then a minor, verbally agreed to participate in the film (*id.*). Plaintiff alleges that no contract was signed

by his legal guardian at the time, but Dean promised Plaintiff that he would be compensated for his work and for the use of his image (*id*.). Dean began filming in 2003 and did not finish until 2006 (*id*.). Plaintiff was arrested on June 10, 2005, and charged with being a principal to murder (*id.*). He was convicted on May 8, 2007, and sentenced to a twenty-year term of imprisonment (*id.*). Plaintiff states that when he was sent to prison in June of 2007, he had no way of knowing that the documentary he had been a part of as a juvenile included his name and was being distributed for commercial use (*id.*). Plaintiff claims that the video containing his image is being marketed across the country (*id.* at 5–6). His states his mother notified him in September of 2011 that his image was being used and sold without Plaintiff's knowledge (*id.* at 6). Plaintiff admits that he agreed to be "the face of the documentary," but he asserts that Dean breached his verbal contract with Plaintiff regarding his compensation, and that Dean is using Plaintiff's incarceration as an excuse (*id*.). Plaintiff claims that once Dean learned he had been accused of a crime, Dean kept information from him, so as to avoid compensating Plaintiff (*id*.).

In his statement of claims, Plaintiff asserts that Dean violated his Fourteenth Amendment rights by using his image and depriving Plaintiff of life, liberty and property (doc. 5 at 7). Plaintiff contends that the remaining three Defendants violated his Fifth and Fourteenth Amendment rights, as well as section 540.08, Florida Statutes[1] (*id.*). He seeks 8.3 million in compensatory damages, 2.1 million in punitive damages, costs and attorney's fees (*id.*).

## Jurisdictional Analysis

A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); <u>Bochese v. Town of Ponce Inlet</u>, 405 F.3d 964, 975 (11th Cir. 2005); <u>University of South Alabama v. American Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); <u>Lovern v. Edwards</u>, 190 F.3d 648, 654 (4th Cir. 1999). A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be

---

[1] Section 540.08, Florida Statutes proscribes the unauthorized publication of the name or likeness of an individual.

lacking. Bochese, 405 F.3d at 975 (quoting University of South Alabama, 168 F.3d at 410); Miccosukee Tribe of Indians of Florida v. Kraus-Anderson Const. Co., 607 F.3d 1268, 1273 (11th Cir. 2010)

Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Miccosukee Tribe of Indians of Florida, 607 F.3d at 1273 (citing 28 U.S.C. § 1331). However, the mere assertion of a federal claim or citation to a federal statute is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331. "Federal jurisdiction requires that a party assert a *substantial* federal claim." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing Hagans v. Lavine, 415 U.S. 528, 536 (1976)) (emphasis added); *see also* Baker v. Carr, 369 U.S. 186 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law and that the claim is not frivolous). In Hagans, the Supreme Court noted: "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'" 415 U.S. at 536–37 (citations omitted); McGinnis v. Ingram Equip., Co., 918 F.2d 1491, 1494 (11th Cir. 1990) (the test of federal jurisdiction is whether "the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction") (citations omitted); Peterson v. Ramirez, 428 F. App'x 908, 909 (11th Cir. 2011) (unpublished) (citing McGinnis). While emphasizing that this insubstantiality threshold is a difficult one to meet, the Supreme Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." Hagans, 415 U.S. at 538. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).

Here, Plaintiff purports to bring this case pursuant to 42 U.S.C. § 1983. In any section 1983 action, the initial inquiry must focus on whether two essential elements are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or

laws of the United States. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (citations omitted); <u>Holmes v. Crosby</u>, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing <u>West</u>). Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." <u>Focus on the Family v. Pinellas Sun Coast Transit Authority</u>, 344 F.3d 1263, 1277 (11th Cir. 2003) (quoting <u>American Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49–50 (1999)). The circumstances in which a private party can be viewed as a "state actor" for section 1983 purposes, and thus its actions attributed to the state, are exceedingly rare. <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992). The Eleventh Circuit recognizes three tests for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion test, and the nexus/joint action test. <u>Focus on the Family</u>, 344 F.3d at 1277; <u>Willis v. Univ. Health Servs., Inc.</u>, 993 F.2d 837, 840 (11th Cir. 1993); <u>NBC v. Communication Workers of America, AFL-CIO</u>, 860 F.2d 1022, 1026 (11th Cir. 1988). Here, Plaintiff's complaint clearly involves private individuals and corporations involved in a for profit endeavor. It is absolutely devoid of allegations that would suggest that any of the named Defendants were "state actors." *See* <u>Harvey</u>, 949 F.2d at 1131. Therefore, no claim can arise under § 1983, and thus the statute provides no basis for federal jurisdiction over this matter.

Next the court notes that neither Plaintiff's mention of Dean's "breach" of the parties' verbal agreement, nor Plaintiff's citation to section 540.08, Florida Statutes, provides a basis for this court to exercise jurisdiction over this action. Initially, title 28 U.S.C. § 1332 sets forth the criteria for a district court's exercise of jurisdiction over what might otherwise be non-federal claims, such as a breach of contract. In order for diversity jurisdiction to apply, title 28 U.S.C. § 1332 requires that every plaintiff be diverse from every defendant. *See* <u>Underwriters at Lloyd's, London v. Osting-Schwinn</u>, 613 F.3d 1079, 1085 (11th Cir. 2010); <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F. 3d 1284, 1287 (11th Cir. 1998); <u>Palmer v. Hospital Authority of Randolph County</u>, 22 F.3d 1559, 1564 (11th Cir. 1994). Therefore, as Plaintiff was previously instructed, because Plaintiff and two Defendants are from the state of Florida,[2] he may not rely on diversity jurisdiction as the basis for his claim.

---

[2] Although Plaintiff notes that the two Florida Defendants are located within the Middle District of Florida (doc. 1 at 2), the statute governing diversity jurisdiction refers to citizens of different States, not citizens of different judicial districts. *See* 28 U.S.C. § 1332(a)(1).

Case No.: 5:13cv52/SPM/EMT

Moreover, to the extent Plaintiff brought the Florida state law claim pursuant to the court's supplemental jurisdiction under 28 U.S.C. § 1367, it is well established that once Plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over the state claim against Defendants. *See* Baggett v. First National Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997). Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. *See also* United Mine Workers v. Gibbs, 383 U.S. 715, 725–26 (1966). Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction. Baggett, 117 F.3d at 1353 (citing Palmer v. Hospital Authority of Randolph County, 22 F.3d 1559, 1569 (11th Cir. 1994); Executive Software N. Am. v. United States Dist. Court, 15 F.3d 1484, 1493 (9th Cir. 1994); New England Co. v. Bank of Gwinnett County, 891 F. Supp. 1569, 1578 (N.D. Ga. 1995); Fallin v. Mindis Metals, Inc., 865 F. Supp. 834, 841 (N.D. Ga. 1994)). Taking these factors into account in this case, the court concludes that Plaintiff's state law claim should be dismissed to permit him to pursue his state law claim in a more appropriate forum. While it would be convenient for the Plaintiff to continue litigating his case in this court, this court has a substantial number of original jurisdiction cases awaiting review, and neither judicial economy nor fairness to other litigants support retaining jurisdiction of Plaintiff's state claim and delaying justice in other cases. Furthermore the state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so.

Accordingly it is respectfully **RECOMMENDED:**

1. That Plaintiff's state law claim be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to assert it in state court.

2. That this action be **DISMISSED** as to Plaintiff's remaining claims for lack of jurisdiction due to Plaintiff's failure to raise a non-frivolous federal claim.

At Pensacola, Florida, this 1ˢᵗ day of April 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**